IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DOUGLAS OLIVER WICKEY, | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:18-CV-197-G-BK |
| | § | |
| COMM'R OF INTERNAL REV. SERVICE, | § | |
| DEFENDANT. | § | |

## FINDINGS CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was automatically referred to the United States magistrate judge for pretrial management. The United States Government[1] has filed a *Motion to Dismiss Plaintiff's Complaint; and Alternative Motion for Summary Judgment*. Doc. 8. Plaintiff opposes the motion and has filed two *Motions for Summary Judgment* and a *Motion to Amend Motion for Summary Judgment*. Doc. 10; Doc. 14; Doc. 18. Upon review of the relevant pleadings and applicable law, and for the reasons that follow, the Government's motion should be **GRANTED**, and Plaintiff's motions should be **DENIED**.

**A.    Background**

In January 2018, Plaintiff, a *pro se* litigant, filed suit against the Government, seeking relief with respect to his income taxes in the tax years 2005, 2006, and 2007. Doc. 3 at 2, 9-10. The dispute appears to stem from confusion over whether Plaintiff was an independent

---

[1] Plaintiff names the Commissioner of the Internal Revenue Service ("IRS") as the defendant in this action. However, the correct party to the suit is the United States Government (the "Government"). *See Seibert v. Baptist*, 594 F.2d 423, 427 (5th Cir. 1979) (holding that the claims contained in the plaintiff's complaint against IRS officials were, in actuality, claims against the United States).

contractor or an employee during the tax years at issue. Doc. 3 at 1-3. Plaintiff seeks an abatement of the penalties, interest, and allegedly incorrectly calculated taxes that he paid as well as punitive damages of $100,000.00. Doc. 3 at 9-10.

The Government now moves to dismiss Plaintiff's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 8. Plaintiff has filed two identical motions for summary judgment, arguing that the Government did not file a timely answer to his complaint. Doc. 10; Doc. 14. Plaintiff also seeks leave to amend his summary judgment motion(s) to add a request for a default judgment based on the Government's allegedly untimely response to his complaint. Doc. 18.

**B.     Applicable Law**

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). Under Rule 12(b)(1), a claim is properly dismissed for lack of subject matter jurisdiction when a court lacks statutory or constitutional authority to adjudicate the claim. *Home Builders Assoc. of Mississippi, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, courts should consider the "jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The Court must first address subject matter jurisdiction because, without it, the case can proceed no further. *Ruhrgas Ag v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *Ramming*, 281 F.3d at 161. In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint

supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001) (citation omitted).

**C.     Analysis**

   *1. Entry of Default Judgment Against the Government*

   As an initial matter, Plaintiff suggests in his summary judgment motions and motion to amend said motions that he is entitled to the entry of a default judgment because the Government did not file an answer within 21 days of being served with the summons and complaint. Doc. 10 at 1; Doc. 14 at 1; Doc. 18 at 3. The Government responds that: (1) pursuant to Rule 12(a)(2), it had 60 days to answer Plaintiff's complaint; (2) Plaintiff's summons only issued to the United States Attorney on behalf of the IRS Commissioner, who is not the proper party; and (3) because the Government has moved to dismiss Plaintiff's complaint, Rule 12(a)(4)(A) extends the time for it to file a responsive pleading until 14 days after the court rules on its motion. Doc. 16 at 1-2.

   The Government is correct, and the Court finds that Plaintiff is not entitled to a summary or default judgment. Plaintiff filed his complaint on January 25, 2018. Doc. 3. However, Plaintiff did not properly effectuate service because the summons only issued to the United States Attorney on behalf of the IRS Commissioner, who cannot be sued in his individual capacity. *Seibert*, 594 F.2d at 427; *see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons . . . stating the time within which the party served must appear and defend."). Moreover, it is not clear when the summons was actually served on the United States Attorney because Plaintiff's proof of service is dated August 29, 2017, which is

five months before he filed his complaint in this action. Doc. 5 at 2. Accordingly, Plaintiff's motions seeking summary judgment and to add a request for a default judgment based on the Government's allegedly untimely response to his complaint should be **DENIED**. Doc. 10; Doc. 14; Doc. 18.

   *2. Punitive Damages*

The Government asserts that because it has not waived sovereign immunity, an award of punitive damages against it is not permitted. Doc. 8 at 6. Plaintiff does not address this argument in his response. *See generally* Doc. 9. That alone is reason to find that Plaintiff has forfeited his claim to punitive damages. *See Matter of Dallas Roadster, Ltd*., 846 F.3d 112, 126 (5th Cir. 2017) (finding that plaintiff's failure to respond to defendant's argument in a motion to dismiss constituted abandonment). Even assuming that Plaintiff did not abandon this claim, however, it fails on the merits.

The Government enjoys sovereign immunity from suit unless Congress has specifically consented to it being sued. *Block v. N. Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983). The plaintiff bears the burden of showing a waiver of immunity. *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009). It is established law that agencies of the Government cannot be held liable for punitive fines or assessments absent express congressional authorization. *Bank One, Texas, N.A. v. Taylor*, 970 F.2d 16, 33 (5th Cir. 1992). Plaintiff points to no statutory or other provision suggesting that the Government has waived its immunity with respect to punitive damages in this type of suit, and this Court can find none. Accordingly, Plaintiff has not borne the requisite burden regarding his demand for punitive damages, and the Government is entitled to summary judgment in that respect. *Freeman*, 556 F.3d at 334.

*3. Statute of Limitations*

The Government next asserts that Plaintiff's refund claims for the years 2005, 2006, and 2007 are time-barred and should thus be dismissed pursuant to Rule 12(b)(1). Doc. 8 at 2-4. Alternatively, because Plaintiff cannot recover with respect to his refund claims, the Government argues that those claims are ripe for dismissal under Rule 12(b)(6). Doc. 8 at 2.

Plaintiff does not directly respond to the Government's limitations arguments in his response, but instead suggests that IRS forms advised him that he had the right to appeal the IRS's decisions to federal court, and he has fully paid all taxes, penalties, and interest at issue.[2] Doc. 9 at 1.

If suit is permitted against the Government, the statute of "limitations provision constitutes a condition on the waiver of sovereign immunity" and "define[s] the extent of the court's jurisdiction" over such suits. *United States v. Mottaz*, 476 U.S. 834, 841 (1986) (quoting, in part, *Block*, 461 U.S. at 287). The waiver of sovereign immunity for suits in which taxpayers seek a refund of federal taxes is clearly articulated. Specifically, to bring a refund suit, a taxpayer first must file an administrative claim for a refund or credit with the IRS. 26 U.S.C. § 7422(a). The refund claim must be filed "within the time limits imposed by [26 U.S.C.] § 6511(a)." *United States v. Dalm*, 494 U.S. 596, 602 (1990).

Section 6511(a) requires that:

> [A] claim for credit or refund of an overpayment of any tax . . . shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later. . .

---

[2] Again, by failing to respond to the Government's argument, Plaintiff has forfeited his refund claims. *Matter of Dallas Roadster, Ltd*., 846 F.3d at 126. In the interest of completion, however, the undersigned will address the claims on the merits.

26 U.S.C. § 6511(a).  "If the claim was not filed within such 3-year period, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim." *United States v. Brockamp*, 519 U.S. 347, 351 (1997) (quoting 26 U.S.C. § 6511(b)(2)(B)).

The timely filing of a refund claim is a jurisdictional prerequisite to bringing suit.  *See Dalm*, 494 U.S. at 602; *Ancel v. United States*, 398 F.2d 456, 458 (7th Cir. 1968) (same); *Smith v. United States*, No. 4:92-CV-749-A, 1993 WL 625564, at *2 (N.D. Tex. May 5, 1993) (McBryde, J.) (same).  Thus, a taxpayer's failure to file a timely administrative refund claim in accordance with section 6511(a) precludes a taxpayer from maintaining a suit to recover the tax. *Dalm*, 494 U.S. at 601-02.

     a. Tax Year 2005

The evidence before the Court reveals that Plaintiff filed his 2005 tax return on October 6, 2008.  Doc. 3 at 111; Doc. 8-1 at 5.  Plaintiff signed his refund claim on March 29, 2014, Doc. 3 at 142, and it was filed on April 4, 2014, Doc. 8-1 at 6.  Because Plaintiff did not file his 2014 refund claim within three years of filing his return in 2008, section 6511(b)(2)(B) limits any refund to amounts Plaintiff paid within the two-year period before he filed the refund claim in 2014.  The evidence demonstrates, however, that Plaintiff made no tax payments after March 2009, which is more than two years before Plaintiff filed his refund claim.  Doc. 3 at 11-12; Doc. 8-1 at 5-6.  As such, this Court lacks jurisdiction over Plaintiff's 2005 refund claim and the Government is entitled to summary judgment in that regard.  *Dalm*, 494 U.S. at 601-02.

### b. Tax Year 2006

Plaintiff filed his 2006 tax return on November 20, 2008. Doc. 3 at 105. He filed his request for a refund on April 4, 2014. Doc. 8-1 at 12. Because Plaintiff did not file his refund claim within three years of the date he filed his 2006 tax return, section 6511(b)(2)(B) limits any refund to amounts paid within the two-year period before the claim was filed.

The evidence demonstrates that Plaintiff paid a total of $15,218.22 in taxes between April 4, 2012 and April 4, 2014 (the two-year lookback period). Doc. 8-1 at 10-12. However, as Plaintiff acknowledges, Doc. 3 at 9, he was refunded a collective total of $17,559.66 in July 2014 ($425.56) and September 2014 ($17,134.10). Doc. 8-1 at 12. Because Plaintiff already has received a refund in excess of the amount that he paid within the two-year lookback period, the Government is entitled to summary judgment with respect to that claim. *Dalm*, 494 U.S. at 601-02.

### c. Tax Year 2007

Plaintiff filed his 2007 tax return on July 13, 2009. Doc. 3 at 109; Doc. 8-1 at 15. Plaintiff signed his 2007 tax year refund claim on March 29, 2014. Doc. 3 at 144. Neither parties' documentation reflects the date that the refund claim was filed. Even assuming the refund claim was filed on the date Plaintiff signed it, however, that would still be more than three years after the filing date of his 2007 tax return. Again, section 6511(b)(2)(B) limits any refund to amounts paid within the two-year period before the claim was filed. The pertinent documentation shows that Plaintiff made no payments between March 31, 2012 and March 31, 2014 (the presumed two-year lookback period). Doc. 8-1 at 15. Accordingly, this Court lacks

jurisdiction to consider Plaintiff's 2007 refund claim, and the Government should be granted summary judgment in that regard.  *Dalm*, 494 U.S. at 602.

**D.      Leave to Amend**

Ordinarily, *pro se* plaintiffs should be granted leave to amend their complaint prior to dismissal, but leave is not required when they have already pled their "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009).  Here, the facts as alleged by Plaintiff and the parties' supporting documentation clearly demonstrate that this Court lacks subject matter jurisdiction.  Thus, granting leave to amend would be futile and cause needless delay.

**E.      Conclusion**

For the foregoing reasons, the Government's *Motion to Dismiss Plaintiff's Complaint and Alternative Motion for Summary Judgment*, Doc. 8, should be **GRANTED**, pursuant to Rule 12(b)(1).  Plaintiff's motions, Docs. 10, 14, & 18, should be **DENIED**, and all of Plaintiff's claims should be **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction.

**SO RECOMMENDED** on November 19, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).